†WILLIAM RYAN ET AL. v. JAMES L. ORBISON, MAYOR, ET AL.

WATER WORKS AND ELECTRIC LIGHTS PROVIDED FOR IN ONE RESOLUTION.

Where the council of a municipal corporation under the provisions of secs. 2835 and 2837, Rev. Stat., passed a resolution declaring it necessary to increase the capacity of its system of water-works then in operation in the village (operated by steam), and to construct in connection therewith an electric light plant, so as to provide for the lighting of the streets and avenues of the village to the best advantage, and at the least possible expense, and submitted the question of the issue of the bonds of the village to an amount not exceeding $15,000, to pay for the same, to the voters of the village. said proceedings and the vote taken being regular and in strict accordance with the law, and the vote being largely in favor thereof, such proceedings and vote are not invalid or unlawful on the sole ground, that the questions of the enlargement of the waterworks system. and the construction of an electric light plant were coupled together. It was, substantially, one improvement.

Motion to dissolve injunction.

SMITH. J.

We are of the opinion that the motion of the defendants to vacate and dissolve the injunction allowed by the court of common pleas, by the final decree in the case, should be granted.

---

†Cited in Elyria Gas & Water Co. v. Elyria, 7 Ohio Circ. Dec., 527, 532.

It appears from the pleadings and evidence, that the village of Carthage·for some time past has been the owner of, and has operated a water works system for the protection of the citizens against damage by fire, and for furnishing them with water, which was operated by steam, and that it was deemed advisable by the authorities of the village to increase the capacity thereof, and to construct in connection therewith an electric light plant, so as to provide for the lighting of the streets and avenues of the village to the best advantage and at the least possible expense; and February 16, 1892, the village council passed a preamble and resolution, declaring the necessity of the improvement, as before mentioned, and directing that the question of the issue of the bonds of the village, to an amount not exceeding $15,-000.00, bearing interest, and payable as therein provided, be submitted to the voters of the village at the general election to be held Monday, April 4, 1892, and that notice thereof be given according to law, and that those who should vote in favor of the proposition, should have written or printed on their ballots the words "For the issue of bonds;" and that those who should vote against the same should have written upon their ballots the words, "Against the issue of bonds."

An election was accordingly held as therein directed, and at such election there were cast 398 ballots on which were written or printed the following words: "Water works extension and electric light; for the issue of bonds;" and there were also cast 25 ballots on which were written or printed the words, "Water works extension and electric light; against the issue of bonds."

There is no claim on the part of the counsel for the plaintiff, that either the extension of the water works system of the village, or the erection of an electric plant thereby, for the lighting of the streets and avenues thereof, is not an improvement of a local character, for which, under the provisions of secs. 2835-6 and 7, Rev. Stat., a tax may be legally and constitutionally levied to pay bonds issued by the village, if two-thirds of the voters of the village, voting at such election, on the question of issuing such bonds, vote in favor thereof. But the claim is, that where both of such improvements are coupled together in one resolution by the council, and in one vote thereon, for a specific sum for the whole, that it is in contravention of the law, and the issue of the bonds would be illegal.

The terms of the statute having been fully complied with in all other respects, and more than two-thirds of those voting on the proposition having voted for the issue of the bonds, for the purpose or purposes indicated, the only question in the case is, whether the submission was legal.

Though sec. 2835 states specifically many improvements or purchases which may be made by a municipal corporation by means of the issuing of bonds when authorized to do so, as provided by sec. 2837, and authorizes also any other improvement of a local character for which a tax may be constitutionally levied, there is no express provision in the statute, and we see no implication therein, that the council may not unite in the proposed improvement two or more things so authorized, particularly if they are so intimately connected, as in fact to form but one improvement, as the evidence shows it to be in the case under·consideration. For instance, it would seem to be most reasonable and in accordance with the spirit of the law, that a proposition to purchase a site for public offices, and to erect such offices thereon, is substantially the same improvement, and the resolution declaring the intention of the council to do this, and the submission of the question of the issue of a certain amount of bonds therefor, is one proposition, and is therefore legal and right. And such, we think, is the case here.

E. A. Ferguson, attorney for plaintiffs.

S. B. Hammel, attorney for defendants.